# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KYLE HASKETT, | ) | CASE NO. 1:19-cv-0370 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CRESCENT DIGITAL, LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the parties' joint motion for approval of confidential settlement and stipulation of dismissal with prejudice. (Doc. No. 15 ("Mot.").) The parties have supplied under seal a copy of their executed settlement agreement. (Doc. No. 16 (sealed).) Because the Court finds that the settlement represents a fair resolution of plaintiff's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the joint motion is granted and the settlement is approved.

## I. BACKGROUND

On February 20, 2019, plaintiff Kyle Haskett ("Haskett") filed a complaint on behalf of himself alone against defendants Crescent Digital, L.L.C. and its owner, Michael Heines, (collectively, "Crescent Digital") to recover unpaid overtime compensation under federal and state law. (Doc. No. 1; Mot. at 69[1] ¶¶ 1–3.) Crescent Digital denied liability or wrongdoing of any kind. (*Id.* ¶ 4.) The parties reached a settlement and have filed the instant motion asking the Court to approve their settlement.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Food*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 16(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense,

and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms the same. (*See* Mot. at 70 ¶ 7.) In particular, the parties disagreed about the number of overtime hours worked, the appropriate method of calculating overtime for a salaried employee, and the proper statute of limitations period. (*Id*. at 71.) The parties engaged in settlement discussions even before the Case Management Conference was conducted and, to that end, voluntarily engaged in disclosure and early discovery, including production of relevant time and pay records. (*Id*. at 70 ¶¶ 5–6.)

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. Additionally, the Court finds that the award of attorney's fees to plaintiff's counsel, which is supported by a declaration filed by counsel (Doc.

No. 15-2[2]), is reasonable, taking into consideration the course of proceedings and the successful outcome providing substantial relief to Haskett. While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement. Notably, this early settlement provides immediate and substantial relief to plaintiff without the attendant risks and delays to both parties of continued litigation.

## IV. CONCLUSION

For the foregoing reasons, the Court approves the Confidential General Settlement and Release Agreement (Doc. No. 16 [sealed]) and orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the settlement agreement. The claims in plaintiff's complaint are dismissed with prejudice with each party to bear its own attorneys' fees and costs (except as otherwise provided in the settlement agreement), and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: August 2, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] In his declaration, counsel states that he has incurred (or reasonably will incur) 41.32 hours of services at $350/hour (Doc. No. 15-2 ¶ 10), that is, $14,462.00. The settlement agreement awards attorney's fees that are less than that amount.